UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) |
| v. | ) Cause No. 4:10CV0862 RWS |
| BROOKS ENVIRONMENTAL SERVICE TECHNICIANS, LLC and ENVIROTECH, INC., | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs have filed this action against Defendant Brooks under the Employment Retirement Income Security Act , 29 U.S.C. §§ 1001, *et seq.* (ERISA) for its failure to make payment to the funds as agreed in a collective bargaining agreement.

Plaintiffs' complaint asserts that Defendant Envirotech entered an agreement with Plaintiffs to submit all outstanding contributions owed by Brooks from November 2009 through the date of the agreement to Plaintiffs. Plaintiffs also asserts a breach of other terms of the agreement by Envirotech.

Envirotech has filed two motions to dismiss the claims against it based on a lack of subject matter jurisdiction. Envirotech asserts that because no federal claims are asserted against it and because diversity jurisdiction is not present the claims against it should be dismissed.

The parties dispute whether Plaintiffs claims against Envirotech arise under ERISA. The Court has an obligation to independently access whether it has jurisdiction over a party or claim notwithstanding the jurisdictional statement in a pleading. In the present matter I need not decide

on the pleadings before me[1] whether the Plaintiffs' claims against Envirotech arise under ERISA because I find that at a minimum, the claims asserted against Envirotech are so related to the claims in the action against Defendant Brooks that the Court's supplemental jurisdiction under 28 U.S.C. § 1367 is properly exercised over the claims against Envirotech. As a result, Envirotech's motions to dismiss will be denied.

Envirotech has also filed two motions to quash service of process in this matter. The first motion will be denied as moot. The second service was made by Plaintiffs on Joel LaRose who is listed as an officer of Envirotech on the company's Annual Registration Report filed with the Missouri Secretary of State. Envirotech challenges the service on LaRose asserting that Plaintiffs' counsel had actual knowledge on the date of service that LaRose was no longer an officer of the company. Plaintiffs' counsel contests this assertion.

Apparently as a compromise Envirotech states that it will accept service under Federal Rule of Civil Procedure 4(d).

Based on the present record I am inclined to find that service of LaRose was proper. However, instead of wasting judicial resources in briefing and having hearings over whether service was effective, I will order Plaintiff to send Envirotech's counsel a request to waive service of a summons under Rule 4(d). Because of the delays already imposed upon the case over the service dispute, Defendant Envirotech is hereby ordered to execute and return the waiver of service within seven days of receipt. Envirotech shall then file a responsive pleading within twenty days of the waiver date. This expedited time table is warranted by Envirotech's demonstration through its responsive filings that it is well aware of the nature of the action

---

[1] The parties will be free to more fully brief this issue during this litigation.

against it.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Envirotech's motion to quash [#5] is **DENIED** as moot and its motion to quash [#15] is **DENIED**. Plaintiffs shall provide Envirotech's counsel with a request to waive service no later than **August 11, 2010**. Envirotech shall return the waiver no later than seven days from receipt and file a responsive pleading no later than twenty days of the waiver date.

**IT IS FURTHER ORDERED that** Defendant Envirotech's motions to dismiss [#6 and 16] are **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2010.